UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CARL E. PERSON,

                Plaintiff,

        -against-

UNITED STATES OF AMERICA, et al.,

                Defendants.
----------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/18/2019
```

19 Civ. 154 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 7, 2019, Plaintiff filed this action challenging the closure of

certain federal government services as a result of a partial lapse in Congressional appropriations

(the "Government Shutdown");

      WHEREAS, on January 8, 2019, the Court ordered that if Plaintiff sought a preliminary

injunction, his supporting memorandum of law should address, *inter alia*, whether he has

standing (Dkt. No. 4);

      WHEREAS, on January 11, 2019, Plaintiff moved for a temporary restraining order and

preliminary injunction ordering Defendants to continue paying federal employees during the

Government Shutdown (Dkt. No. 7);

      WHEREAS, Plaintiff's supporting memorandum of law (Dkt. No. 9) and accompanying

affidavit (Dkt. No. 8) argue that he has standing.  Specifically, Plaintiff argues that:

- The Government Shutdown is causing injury to the economy, thereby causing injury to citizens and residents of the United States, including Plaintiff (Dkt. No. 9 at 12/19);

- Plaintiff faces a loss of business and income from a shutdown of the federal courts (Dkt. No. 9 at 12/19); and

- Plaintiff's law firm will obtain fewer clients and will collect less in fees on account of federal employees losing their compensation (Dkt. No. 8 at 2/21).

WHEREAS, on January 15, 2019, Defendants filed a letter opposing the entry of a temporary restraining order (Dkt. No. 11).  For the reasons discussed below, it is hereby

**ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED** on standing grounds.  "Generally, a party seeking a temporary restraining order or a preliminary injunction 'must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party.'"[1] *Prospect Park Ass'n v. Delaney*, No. 18 Civ. 4852, 2018 WL 3542860, at *2 (S.D.N.Y. July 23, 2018) (quoting *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010)).  A party seeking a temporary restraining order or preliminary injunction must establish standing by setting forth "specific facts" by affidavit or other evidence; "mere allegations" will not suffice.  *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011).[2]

"[T]he irreducible constitutional minimum of standing contains three elements."  *Lujan v.*

---

[1] A heightened standard is applied in cases where (1) "the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme," (2) the injunction "would provide the plaintiff with all the relief that is sought" and "could not be undone by a judgment favorable to defendants on the merits at trial" or (3) the injunction "alters the status quo by commanding some positive act."  *See Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (citations, alterations and quotation marks omitted).  It need not be decided whether one of these heightened standards applies because Plaintiff does not have standing to seek a preliminary injunction in the first instance.

[2] The specificity required to establish standing to seek a preliminary injunction "will normally be no less than that required on a motion for summary judgment."  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 907 n.8 (1990) (quoting *Nat'l Wildlife Fed. v. Burford*, 835 F.2d 305, 328 (D.C. Cir. 1987)).  This is so because a plaintiff's burden to demonstrate a likelihood of success on the merits "necessarily includes a likelihood of the court's *reaching* the merits, which in turn depends on a likelihood that plaintiff has standing."  *Burford*, 835 F.2d at 328.  This principle applies with equal force in the context of a temporary restraining order, since the legal standard for granting temporary restraining orders and preliminary injunctions is the same.  *See Prospect Park Association*, 2018 WL 3542860, at *2.

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v Robins*, 136 S. Ct. 1540, 1547 (2016).  To confer standing, the injury must be "an invasion of a legally protected interest which is (a) concrete and particularized . . .  and (b) actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (citations and quotation marks omitted).  The standing inquiry also encompasses "prudential" doctrines not derived from Article III, such as "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked."  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014).

Plaintiff first argues that the Government Shutdown is causing injury to the economy, thereby causing injury to U.S. citizens, including Plaintiff.  This constitutes a generalized grievance and is insufficient to confer standing.  Far from being a "distinct and palpable injury," *Warth v. Seldin*, 422 U.S. 490, 501 (1975), the Government Shutdown's effect on the U.S. economy is an undifferentiated harm, and the relief requested "no more directly and tangibly benefits [Plaintiff] than it does the public at large."  *See Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (quoting *Lujan*, 504 U.S. at 573–74 (quotation marks omitted)).

Plaintiff next asserts that, as an attorney, he is being threatened with a loss of business and income due to a shutdown of the federal courts.  But to confer standing, the alleged injury must be "actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.  That is, an allegation of future injury will only suffice "if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 414, 414 n.5

3

(2013)).  Here, Plaintiff has not set forth specific facts demonstrating a substantial risk that the federal judiciary will be affected in a way that causes him injury.  The Court takes judicial notice that it continues to operate, hearing cases and deciding motions.

Plaintiff asserts that because 800,000 federal employees stand to lose their compensation, fewer people will be able to pay legal fees.  Thus, Plaintiff asserts that his law firm will obtain fewer clients and will collect less in fees.  But in order to rest a claim for relief on the legal rights or interests of third parties, three criteria must be satisfied: "The litigant must have suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests."  *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (citations and quotation marks omitted); *accord Libby v. Price*, 689 Fed. App'x 659, 660 (2d Cir. 2017).  Plaintiff has failed to set forth specific facts demonstrating an injury in fact -- that is, he has not shown that the reduction in clients and receivables from federal employees is an "actual or imminent" injury, as opposed to a "conjectural or hypothetical" one. *See Lujan*, 504 U.S. at 560.  Moreover, Plaintiff has not set forth specific facts demonstrating that the federal employees who stand to lose their compensation lack the "ability to protect [their] own interests."  *See Powers*, 499 U.S. at 411.

The Court has considered the other facts asserted in the papers supporting Plaintiff's motion and finds that none of these facts are sufficient to confer standing.  Accordingly, Plaintiff is not entitled to temporary restraining order or a preliminary injunction.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se

Plaintiff.


Dated: January 18, 2019
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

5